# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MARIA GARDUNO, ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:24-cv-01142-STA-jay |
| EDDIE DOWDY, MADISON ) COUNTY JAILER, ) | |
| Respondent. ) | |

## ORDER DENYING PETITION PURSUANT TO 28 U.S.C. 2241

On July 10, 2024, Petitioner, Maria Garduno, who is currently an inmate at the Madison County Correctional Complex in Jackson, Tennessee, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The habeas filing fee was paid that same day. For the reasons stated below, the § 2241 Petition is **DENIED**.

Petitioner complains that, even though she was issued a bond by Madison County General Sessions Court, she has not been released from custody because one of her conditions of release is GPS monitoring and Madison County does not have GPS monitoring capability. Petitioner contends that her federal constitutional rights have been violated by the failure of the Madison County Jailer to release her on bond. Attached to the Petition is a "Writ of Habeas Corpus, Request for Grant of Certiorari, and Petition for Relief" filed in the Circuit Court of Madison County, Tennessee, on July 9, 2024. (ECF No. 1-2.) The State Court Petition raises the same issues that are the subject of this Petition.

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if she is in custody in violation of the laws or treaties of the United States. *Phillips v. Hamilton Cty. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). The Court must conduct a preliminary review of the Petition and determine whether it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). If so, the Court must summarily dismiss the Petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

While exhaustion of state court remedies is not a statutory requirement for § 2241 habeas petitions, caselaw has superimposed the same exhaustion requirements as in 28 U.S.C. § 2254 "to accommodate principles of federalism." *Phillips*, 668 F.3d at 810 n.4 (internal quotation marks and citations omitted). The requirement of exhaustion provides state courts with the first opportunity to examine and resolve constitutional issues arising within their jurisdiction. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) ("A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.") (citations omitted).

Clearly, Petitioner has not exhausted the state court remedies available to her as shown by the pending State Court Petition. Therefore, the § 2241 Petition is **DENIED** without prejudice for failure to exhaust her claims pursuant to 28 U.S.C. § 2243, with leave to refile upon exhaustion of her state court remedies.

2

It is certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision would not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:  July 15, 2024.